UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 05-158-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GLEN RAY ATKERSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Glen Ray Atkerson's *pro se* motion for compassionate release. Having reviewed this matter, including the government's response and the defendant's medical records, the Court finds that extraordinary and compelling reasons for reducing the defendant's sentence do not exist in this case. In addition, the relevant sentencing factors listed in 18 U.S.C. § 3553(a) do not warrant granting a sentence reduction.

I.

In December 2005, Atkerson pleaded guilty to four counts of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). He was sentenced to a total of 360 months' imprisonment, followed by a lifetime term of supervised release. [Record No. 17]

Atkerson has filed a *pro se* motion for compassionate release.[1] In support, he cites his age and medical conditions including kidney disease and COVID-19, which he contracted in 2020. Atkerson reports that he now takes a list of several medications as a result of "COVID destroying [his] body." He contends that these medications "just keep [him] at a functional state." Atkerson has provided a list of the medications and their respective purposes (heart rate; blood thinner; blood pressure; cholesterol; pain; and vitamins).

Atkerson also states that he fractured his hip on an unspecified date. He contends that the facility's medical staff did very little to help him and forced him to walk with a walker. Atkerson additionally claims that he can "barely hear" and has "terrible eyesight." He asserts that, "even if [he does] get an appointment, it takes more than half a year to get the hearing aids and/glasses."

Finally, Atkerson seeks to be reunited with his wife and son. He reports that his wife has recently experienced several health problems and he would like to help care for her, together with his son, who could help care for both Atkerson and his wife. Atkerson, who is 79 years old, is currently confined at Ashland FCI and has a projected release date of May 28, 2030.[2] He has provided documentation indicating that he pursued administrative relief, which was rejected because he is "a stable care 2 inmate being followed in [the] chronic care clinic." [Record No. 53-1, pp. 2-3]

---

[1] Atkerson filed a previous *pro se* motion for compassionate release in July 2020, which was denied. [Record No. 30] The United States Court of Appeals for the Sixth Circuit affirmed this decision. [Record No. 43]

[2] Bureau of Prisons. *Find an Inmate.* https://www.bop.gov/inmateloc/ (last accessed Apr. 2, 2024).

**II.**

Generally, a district court may not modify a defendant's term of imprisonment after it has been imposed. 18 U.S.C. § 3582(c); *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008). One exception to this rule is compassionate release, which allows a district court to reduce a defendant's sentence if it finds that extraordinary and compelling reasons warrant a sentence reduction, that the relevant sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor reducing the sentence, and that such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

**A.    Atkerson has not identified extraordinary and compelling reasons warranting a sentence reduction.**

Section 1B1.13 of the United States Sentencing Guidelines provides a list of circumstances that may constitute extraordinary and compelling reasons to support compassionate release. *See* U.S.S.G. § 1B1.13, Amend. 814 (Nov. 1, 2023). The Court has reviewed Atkerson's motion, as well as the medical records provided by the government, and concludes that Atkerson has not demonstrated the existence of extraordinary and compelling reasons warranting a sentence reduction.

Section 1B1.13 recognizes that a serious physical or mental condition or deteriorating physical or mental health because of the aging process may constitute extraordinary and compelling reasons for a sentence reduction when it substantially diminishes the defendant's ability to provide self-care within the environment of the corrections facility. § 1B1.13(b)(1)(B). Likewise, the defendant's age may be considered an extraordinary and compelling reason when he is at least 65 years old; is experiencing a serious deterioration in

physical or mental health because of the aging process; and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. § 1B1.13(b)(2).

Atkerson is 79 years old. However, there is no indication that his conditions substantially diminish his ability to care for himself or that he has experienced a serious deterioration in his physical or mental health. While Atkerson has long portrayed himself as frail, it is notable that he fractured his hip while attempting to catch a fly ball during a softball game on April 27, 2023. [Record No. 60, p. 52] Medical notes indicate that Atkerson underwent successful arthroplasty surgery followed by physical therapy. Terry Boyd PA-C issued a written statement on August 9, 2023, indicating that Atkerson had recovered from hip surgery "very well" and could ambulate without issues in the unit and on stairs. [Record No. 53-1, p. 3] Boyd further opined that Atkerson's activities of daily living were unaffected by any medical or mental health conditions and he had no medical conditions for which conventional treatments had not stabilized his conditions. *Id.* Atkerson has not provided any medical records that contradict Boyd's opinions or conclusions.

Atkerson's medical records further indicate that his conditions are being managed adequately. For example, he receives Kenalog injections for shoulder pain and received anxiety medication upon request after hearing that his wife had suffered a stroke. He recently had an audiology consultation and hearing aids were prescribed. He has also received eyeglasses, a back brace, a shower chair, a cane, and a walker when those items were necessary. While Atkerson complains that he is not able to cut his toenails due to a lack of hip flexion, records provided indicates that medical staff cut his toenails for him and encouraged him to place a sick call whenever that service was needed. The Court also notes that Atkerson has been fully inoculated against COVID-19 and has received several booster vaccinations.

Further, Atkerson's family concerns do not rise to the level of extraordinary and compelling reasons for a sentence reduction. He reports that he would like to spend time with his wife and son. Atkerson also asserts that his wife has a host of health problems and he would like to help care for her.

The desire to be reunited with family is common to practically every defendant and does not constitute an extraordinary and compelling reason for a sentence reduction. The sentencing guidelines recognize that an extraordinary and compelling circumstance may arise when the defendant's spouse is incapacitated and the defendant would be the only available caregiver for the spouse. U.S.S.G. § 1B1.13(b)(3)(B). But Atkerson does not allege that that his wife is incapacitated or that he would be the only available caregiver for her. Rather, he indicates in his motion that the couple's son is available to care for her. Additionally, if Atkerson's health conditions approach the level of severity he alleges, he would not be capable of providing care to an incapacitated adult.

### B. The relevant sentencing factors listed in 18 U.S.C. § 3553(a) do not weigh in favor of granting a sentence reduction.

Even if Atkerson had identified extraordinary and compelling reasons in favor of compassionate release, a sentence reduction is not warranted when the § 3553(a) factors are considered. Atkerson's crimes are extremely serious. Receipt and possession of child pornography are among the most reprehensible crimes that come before the Court. The facts of this case are particularly egregious, as Atkerson's crimes were discovered during the investigation of his sexual abuse of a prepubescent female family member. Atkerson severely sexually abused the minor victim and often showed her the pornographic images on his

personal computer during the abuse. Atkerson admitted to abusing the minor in the manner she had described when he was questioned by law enforcement.

Atkerson contends that there is "no need to keep [him] in prison for the last four to five years of [his] sentence." [Record No. 53, p. 3] However, 30 years' imprisonment has been deemed a just punishment in this case. Further, there is an ongoing need to protect the community from additional crimes that Atkerson may commit if released. Atkerson perpetrated his crimes from his home, so returning to a home setting does not mitigate the risk of harm to the community. *See United States v. Lambert*, 2020 WL 6741311, at *3 (S.D. Ohio Nov. 17, 2020). And there is no indication that Atkerson's age or medical problems would limit his ability to use a computer or other electronic devices that could be used to access child pornography.

During the sentencing hearing, Atkerson's advisory guidelines range was determined to be 240 months' imprisonment on each of Counts One through Four and 120 months' imprisonment on Count Five. Atkerson ultimately was sentenced to 30 years' imprisonment pursuant to a binding plea agreement under the terms of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The Court remains satisfied that this sentence is *minimally* sufficient to reflect the seriousness of the defendant's crimes, provide just punishment, afford adequate deterrence of future criminal conduct, and to protect the public from further crimes of the defendant.

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 53] is **DENIED**.

Dated: April 3, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky